IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARCUS ALSTON,<br><br>Plaintiff,<br><br>v.<br><br>CPT. INGRAM, et al.,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26CV862 |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint.

The plaintiff states in the Complaint that he did not fully exhaust available administrative remedies. Exhaustion is required before he may bring this action. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). And the failure to exhaust is clear from the face of the Complaint. *See Custis v. Davis*, 851 F.3d 358, 361-62 (4th Cir. 2017); *Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 681-82 (4th Cir. 2005). The plaintiff states in the Complaint that he appealed to step two of what is ordinarily a three-step process within the North Carolina prison system but that a prison

employee forged his signature at the second step. *See* Docket Entry 2, § VII. Even if this is true, it is not clear how or why this prevented the plaintiff from continuing his appeal to the final step.

Consequently, the Complaint should be dismissed, but without prejudice to the plaintiff's filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. To further aid the plaintiff, the Clerk is instructed to send the plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

The plaintiff's claims are not entirely clear. The Complaint alleges that another inmate flooded the plaintiff's cell with water up to his ankles, he informed the defendants, they did not respond to remedy the situation, and he fell in the water, causing injuries. Ordinarily, a claim that a prisoner slipped and fell in water does not state any claim for relief under § 1983. This is because an obvious puddle is not a substantial risk of serious harm in most circumstances and is an ordinary danger members of the public at large face. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (citing cases); *see also Campbell v. S.C. Dep't of Corrs.*, C/A No. 9:23-02656-DCC-MHC, 2023 WL 8439225, at *3 (D.S.C. Oct. 3, 2023) (unpublished) (listing cases), *report and rec adopted*, 2023 WL 8438668 (D.S.C. Dec. 5, 2023). Some courts recognize claims where extraordinary or egregious conditions exist beyond mere water on the floor. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (recognizing a claim where an inmate on crutches fell in a non-

handicapped accessible shower after already falling several times, after filing multiple grievances about the situation, and after officials ignored a doctor's recommendation to move him to a handicapped unit). However, the plaintiff's Complaint alleges no such circumstances. The Court does not evaluate the substance of the plaintiff's claims at this time. But if he refiles this action under § 1983, he will need to set out his claims fully and clearly.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send the plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to the plaintiff's filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above or to him pursuing a negligence action in the state courts.

This, the 7th day of October, 2026.

JoAnna Gibson McFadden
United States Magistrate Judge